John Murphy v. Commissioner.
Murphy v. Commissioner
Docket No. 3815-62.
United States Tax Court
T.C. Memo 1964-117; 1964 Tax Ct. Memo LEXIS 213; 23 T.C.M. (CCH) 664; T.C.M. (RIA) 64117; April 30, 1964
John J. Murphy, pro se, 34 Metropolitan Oval, Bronx, N. Y. John B. Murray, Jr., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined a deficiency in petitioner's income tax for 1960 in the amount of $182.60. The sole issue is whether petitioner is entitled to deduct certain educational expenses as well as the cost of meals and transportation incurred in connection with the education in question. Findings of Fact The petitioner John J. Murphy resides at 34 Metropolitan Oval, Bronx, New York. He filed a timely joint Federal income tax return for the taxable year 1960 with the district director, Manhattan district, New York. Petitioner was employed at the Metropolitan Life Insurance Company from July 1958 to June 1961, inclusive, as a trainee under their *214 training program. He entered the Metropolitan Life Insurance Company's training program upon his graduation from high school. In accordance with a prescribed condition of his employment the petitioner attended Fordham University in New York City from the time he was employed in 1958 until the termination of his employment in 1961. His agreement to matriculate at a college of his choice was a prerequisite to his acceptance for employment by Metropolitan. His course at Fordham led to a Bachelor of Science degree. In the event the petitioner failed in any part of the training program of his employer, including the maintaining of satisfactory grades at the college, he would be removed from the training program but his employment with the company would not be terminated. Continued employment depended solely upon satisfactory job performance. Generally, trainees would not be placed in permanent positions in the company until they had completed about four years in the training program. At the time of his acceptance in the trainee program, he was not qualified for employment in any insurance field. Petitioner expended the sum of $566.50 for his tuition at Fordham University. The Metropolitan *215 Life Insurance Company reimbursed the petitioner for 50 percent of the tuition he paid to Fordham University. Petitioner incurred $205 in expenses for food, carfare, and books in connection with his attendance of classes at Fordham. Petitioner's education was primarily undertaken in order that he might meet the minimum requirements for qualification or establishment in the life insurance field and therefore the expense of his education is personal in nature and not deductible. Opinion The petitioner asserts the right to deduct the education expenses here involved under the authority of section 1.162-5, Income Tax Regs.[1] Essentially, he claims that the Metropolitan Life Insurance Company required him to attend evening school in order to maintain his employment status. *216 The contention of petitioner is without merit. The evidence is clear that his employment was in no way dependent upon his obtaining the education in question. On the contrary, his entering college was a prerequisite to his acceptance by Metropolitan as a trainee in the first place. Secondly, when accepted by Metropolitan he was not qualified for employment in any insurance business field. Trainees usually did not become eligible for regular employment until they had been in the training program about four years. It is plain, therefore, that petitioner's education expenses were not incurred for the primary purpose of maintaining and improving his skills as required in his employment. Petitioner fails to meet the tests of the regulation and the deduction of his education expenses is disallowed as being personal in nature. Decision will be entered under Rule 50. Footnotes
1. § 1.162-5 Expenses for education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. * * *
(b) * * * In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.↩